

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 9, 1962

Honorable Jesse James
State Treasurer
State Treasurer's Office
Austin, Texas

Dear Mr. James:

Opinion No. WW-1271

Re: Whether, under the provisions
    of Section 3 of House Bill
    No. 1, Acts 57th Legislature,
    3rd C.S. (The Escheat Law),
    the first advertisements
    required therein should be
    in May, 1962 or May, 1963.

        You have asked whether, under the provisions of Section 3 of House Bill No. 1, Acts 57th Legislature, 3rd Called Session, 1962 (codified in Vernon's Civil Statutes of Texas as Article 3272b), the first advertisements required therein should be in May, 1962 or May, 1963? In your request it is indicated that this inquiry is prompted by the fact that the subject Act will become effective on May 3, 1962, and the further fact that Section 3 of the Act in its relevant parts, provides:

        "Section 3.  Advertising for Owners.

        "When, on or after the effective date of this Article, dormant deposits or inactive accounts have remained in such condition for more than seven (7) years, and the depository does not know the whereabouts of the depositors or any owners thereof, the depository, during the first month of May following the seven (7) year period, shall cause to be published once in a newspaper, published in the city or county in which the depository is located, a notice entitled 'Notice of the names of persons appearing as the owners of unclaimed amounts held by (name and address of depository)' which shall list the names, in alphabetical order, and the last known address, if any, of such missing depositors, but not the amounts of such deposits.  Newspapers eligible for such publications shall be those defined in Section 2 of Article 28a, Revised Civil Statutes of Texas, 1925, as amended, and if no such newspaper is published in the county of a depository, publication shall be made in a newspaper published in an adjoining county.

"Annually thereafter during the Month of May
of each year the depository shall again publish in
like manner the names of such depositors or credi-
tors whose deposits or accounts have not been
reported and delivered to the State in accordance
with Section 4 hereof, if the whereabouts of any
owner thereof still remains unknown to the deposi-
tory and their deposits or accounts still remain
in a dormant or inactive status as herein defined."
(Emphasis supplied)

Technically speaking, it might be said that there
will be no "month of May" in 1962 after the effective date of
the Act in the sense that fewer than the thirty-one days al-
lotted to May by the calendar will occur after the effective
date of the Act.

It is to be noted, however, that the Legislature
did not say, "during the first full month of May", although
the Legislature could have easily so said if it had been the
legislative intention to delay the first advertisements to
such time as a full month of May occurs.

Moreover, the foregoing provisions are to be viewed
in light of the fact that Section 4 of the Act requires the
depository to submit a report to the State Treasurer "on or
before May 1st of the year following the first publication."
It is thus seen in this same Act that the Legislature was dis-
posed to use the date "May 1" where intended. From this it
seems likely that the Legislature would have required the ad-
vertisements to be made "during the month beginning on the
first May 1st following the seven (7) year period" if it had
been the intention of the Legislature to not require advertise-
ments until the first full month of May after the effective
date of the Act.

One of the fundamental rules of statutory construc-
tion is the rule that words in common use, when contained in
a statute, will be read according to their natural, ordinary,
and popular meaning, unless a contrary intention is clearly
apparent from the context. 39 Tex.Jur. 198, 199, Statutes,
Sec. 105. The phrase "the month of May" often denotes a
point in time without reference to the extent of the period
involved.

The elapse of one or more days of the month does
not destroy the identity of the remaining days as "the month
of May." If, in common parlance, a person asks, for example,
between the third day of May and the first day of June: "What
month is this?", the reply would be: "It is the month of May."

In other words, the "month of May" is ordinarily considered as existing until all the days of the month have elapsed. We find nothing in the Act which would authorize a departure from the ordinary and commonly accepted meaning which attaches to these words. This is the sense in which the Legislature, in our opinion, intended to use the phrase "the first month of May." In this sense, the first time the month of May will be in existence after this Act becomes effective will be May of 1962. Accordingly, it is our opinion that the Legislature meant for the advertisements to be made in May of 1962.

## S U M M A R Y

Under the provisions of Section 3 of Article 3272b, Vernon's Civil Statutes, the first advertisements required therein are to be made in May of 1962.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Assistant

HGB:dhd

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Jack Price
William E. Allen
Coleman Gay
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.